**Peter M. ("Mac") Lacy (OSB # 013223)**
Oregon Natural Desert Association
917 SW Oak Street, Suite 419
Portland, OR 97205
(503) 525-0193
lacy@onda.org

Attorney for Applicant in Intervention-Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **CAHILL RANCHES, INC.,** | No. 1:17-cv-960-CL |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF MOTION TO INTERVENE** |
| **BUREAU OF LAND MANAGEMENT,** | |
| Defendant, | |
| and | |
| **OREGON NATURAL DESERT ASSOCIATION,** | |
| Applicant in Intervention/Defendant | |

## **INTRODUCTION**

The Court should grant the Oregon Natural Desert Association's ("ONDA") motion to intervene (#20) because no party opposes ONDA's participation as a defendant-intervenor in this case (although the plaintiff, Cahill Ranches, Inc., disputes whether the intervention should be

1

granted permissively or as of right). Federal defendant, the Bureau of Land Management ("BLM"), does not oppose (#30) the motion. Cahill objects to intervention as of right, but does not oppose permissive intervention (#31). And, as stated in ONDA's motion to intervene and as BLM notes in its response, ONDA does not object to common sense case management sideboards regarding the claims at issue, the parties' briefing, and the scope of the record. Because Cahill objects to intervention as of right, ONDA briefly responds to those objections and explains below why it satisfies the requirements of Federal Rule of Civil Procedure 24(a).

## ARGUMENT

Cahill does not dispute that ONDA's motion is timely or that existing parties may not adequately represent ONDA's interest—but does dispute whether ONDA satisfies the second and third factors under Rule 24(a) for intervention as of right: that the applicant have a "significant protectable interest" and that the disposition of the action may "impair or impede" that interest. *See Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (setting out the four-part test).

### I. ONDA HAS A SIGNIFICANT PROTECTABLE INTEREST.

Cahill complains that ONDA's interest in this case is too "generic" and suggests that "sage-grouse conservation" is "not at issue in this case." Cahill Resp. at 3. But ONDA's very mission is to advocate for precisely the type of ecological conservation measures that Cahill seeks to eliminate from BLM's land use plan governing management of Greater sage-grouse habitat in the Rahilly-Gravelly Area of Critical Environmental Concern/Research Natural Area. ONDA explained how it participated in the years-long public planning process that culminated in BLM's Record of Decision and Approved Resource Management Plan Amendment ("ARMPA") for the Great Basin Region, and in particular the ARMPA for Oregon. And ONDA explained

why it opposes *any* weakening of the strong, science-based measures set out in the ARMPA. In short, ONDA has far more than a "generic interest" in the survival and recovery of the Greater sage-grouse and conservation of its essential habitat areas, and Cahill fails to show why these explanations are not sufficient to meet the liberal standard of Rule 24(a). *See Prete*, 438 F.3d at 954 (the "requirements are broadly interpreted in favor of intervention").

## II. ONDA'S INTERESTS MAY BE IMPAIRED BY THIS LITIGATION.

Cahill argues ONDA's interests will not be impaired because this case is geographically limited to the Sucker Creek area. *See* Cahill Resp. at 2–3. Although Cahill may only be concerned about part of the ARMPA, the "final agency action" actually challenged in the complaint is BLM's Record of Decision approving the ARMPA for all of Oregon. *See* Complaint (#1) ¶ 2. It is too early to speculate about what the appropriate relief may be should the Court decide that the Record of Decision was unlawful.

In any event, ONDA has described its "legally protected" interest in seeing this Court uphold, in its entirety, BLM's sage-grouse plan for Oregon, which was adopted pursuant to a public environmental review process under NEPA. Cahill fails to address ONDA's showing that the threat of having a government action set aside (even partially), which benefits it and which it has supported and participated in developing, meets the impairment test. *See* ONDA Mot. to Intv. at 7–8. Cahill thus fails to rebut ONDA's showing that, as a practical matter, its interest in seeing the Oregon plan upheld and allowed to be fully implemented in order to conserve sage-grouse in Oregon, would be substantially impaired if the Court granted the relief requested by Cahill. *See Sw. Ctr. for Biol. Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (asking whether applicant would be "affected *in a practical sense* by the [outcome of the litigation]")

(emphasis added); *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (interest test is a "practical" inquiry).

## CONCLUSION

For these reasons, the Court should grant ONDA's request for intervention as of right or, in the alternative, permissive intervention.

DATED this 2nd day of March, 2018.            Respectfully submitted,

s/ Peter M. Lacy

_____

Peter M. Lacy
Oregon Natural Desert Association

Attorney for Applicant in Intervention-Defendant