Tate Justesen, OR. Bar #083741
Scott W. Horngren, OR. Bar #880604
Western Resources Legal Center
9220 SW Barbur Blvd., Suite 119-327
Portland, OR 97219
Telephone: (503) 768-8500
Facsimile: (503) 222-3255
Email: tjustesen@wrlegal.org
Email: shorngren@wrlegal.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# MEDFORD DIVISION

| | |
|---|---|
| **CAHILL RANCHES, INC.,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**BUREAU OF LAND MANAGEMENT**,<br><br>　　　　Defendant,<br><br>　and<br><br>**OREGON NATURAL DESERT ASSOCIATION**,<br><br>　　　　Applicant in Intervention/Defendant. | No. 1:17-cv-960-MDC<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS – Page 1

I.     **Introduction**.

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, plaintiff Cahill Ranches, Inc. hereby moves for an award of attorneys' fees and costs. Plaintiff satisfies the eligibility criteria set forth by EAJA entitling plaintiff to an award of fees. *See id.* § 2412(d)(2)(B).

Pursuant to the EAJA, plaintiff requests an award of attorneys' fees and litigation expenses incurred to date in its successful prosecution of this litigation, based on the "lodestar" approach for fee (i.e., the reasonable time expended by its counsel at the reasonable market rates set forth below) and based on the litigation expenses incurred, as follows (for additional detail, see attorneys' fees and costs schedule, attached as Exhibit 1):

| | |
|---|---|
| S. Horngren: | $10,946.16 |
| C. Lobdell: | $590.45 |
| S. Scott: | $1,318.50 |
| Clerk (D. Hawkins) | $2,595.00 |
| Costs: | $2,993.37 |
| **TOTAL:** | **$18,443.48** |

Counsel for plaintiff has conferred with counsel for defendant regarding the Proposed Order of Dismissal and the Motion for Attorneys' Fees and Costs. Defendant opposes the Proposed Order of Dismissal and the Motion for Attorneys' Fees and Costs. As I understand it, counsel for defendant cannot agree to the Order of Dismissal because it may allow plaintiff to recover attorneys' fees and costs.

///

///

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS – Page 2

II.     **Background**.

In September 2015, the Bureau of Land Management ("BLM") promulgated a land and resource management plan ("RMP") that restricted plaintiff's ability to graze livestock on the Rahilly-Gravelly allotment ("allotment").  The 2015 RMP prohibited grazing on the Sucker pasture within the allotment due to that pasture containing acreage of an Area of Critical Concern.  From the outset of this grazing prohibition, plaintiff argued to BLM that grazing should be allowed on the allotment.  On June 7, 2017, the Secretary of the Department of Interior issued Secretarial Order 3353, which required an exploration of whether BLM should, or should not, amend the 2015 RMP affecting, in part, the Rahilly-Gravelly grazing allotment.  However, Secretarial Order 3353 did not alter the conditions on the ground for plaintiff vis-a-vis grazing restrictions on the Rahilly-Gravelly allotment and grazing on that allotment remained restricted under the 2015 RMP.  On June 19, 2017, with its grazing season and turn out date imminent (and no movement from BLM toward lifting grazing restrictions), plaintiff filed this lawsuit challenging the 2015 RMP on the Rahilly-Gravelly allotment and alleging that grazing on the allotment should be allowed.

Given the issuance of Secretarial Order 3353, shortly after plaintiff's lawsuit was filed, the parties agreed to a stay of plaintiff's lawsuit until the BLM could further clarify its position regarding the Rahilly-Gravelly allotment.  By that time, plaintiff had already incurred substantial legal fees and costs necessitated by the filing of plaintiff's lawsuit.  As discussed below, plaintiff continued to incur attorney fees due to the actions of the BLM, beyond those incurred in the initial stages of the lawsuit.  Seven (7) joint stays have been entered in this case.  *See* ECF Nos. 12, 13, 18, 19, 28, 29, 33, 34, 35, 36, 37, 39, 40, and 41 (illustrating the undue length of time and continued attorney involvement necessitated by this matter).

BLM did not decide to issue a scoping notice until Fall of 2017 for the RMP amendment, indicating its intent to amend the 2015 RMP affecting the Rahilly-Gravelly allotment. On March 15, 2019, BLM issued final Resource Management Plan Amendments ("RMPA") and final environmental impact statements ("FEIS") for Greater Sage-Grouse Conservation for Oregon. The 2019 RMPA supersedes the 2015 RMP and the decision allows grazing to continue on the Sucker pasture which was the exact relief sought by plaintiff's lawsuit.

Under the 2015 RMP, plaintiff was unable to graze on the Sucker pasture, and under the 2019 RMPA, Plaintiff may continue grazing on the Sucker pasture. Unfortunately for Plaintiff, achieving its initially requested relief took substantial time and cost a substantial sum in attorneys' fees and costs, as detailed in the attached *Declaration of Counsel in Support of Award of Attorneys' Fees and Costs* and the attached Exhibit 1 (scheduled of attorneys' fees and costs).

### III.  Argument.

EAJA provides that in litigation against a federal agency, a court "shall award to a prevailing party other than the United States fees and other expenses… unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)1(A). These standards are easily satisfied here.

Plaintiff is a "prevailing party" within the meaning of EAJA because with the issuance of the 2019 RMPA, the plaintiff achieved the exact same legal result requested in its lawsuit. In its lawsuit against BLM, plaintiff challenged the prohibition of grazing on the Sucker pasture (in the allotment), a prohibition created by the 2015 RMP promulgated by BLM. The relief eventually achieved by plaintiff under the 2019 RMPA is exactly the relief sought in plaintiff's 2017 lawsuit against BLM. Due to the new 2019 RMPA, plaintiff's legal relationship has changed as grazing is now allowed where it was previously prohibited under the old 2015 RMPA.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS – Page 4

The attorneys' fees and costs recovery provisions of EAJA exist to allow recovery of attorneys' fees and costs from the government for its unreasonable and inappropriate actions against private citizens. Plaintiff should not be punished for taking a collaborative, good-faith approach in this litigation, which is the effect if attorney fees are not awarded to plaintiff. Plaintiff, at the government's request, agreed to stay this case and made significant efforts to resolve this matter, rather than resort to litigation. Plaintiff could have engaged in full blown litigation at any time, but refrained from doing so in a good-faith effort to resolve this matter and to conserve attorney fees and resources to the extent possible – however, as noted herein, an expenditure of attorney fees and resources was unavoidable given the government's stubborn position. Unfortunately, it took much delay by the government and plaintiff's filing of a lawsuit before the government changed tack and reversed its wrongful decision regarding plaintiff's ability to graze. The government's action in this matter was directly responsible for plaintiff's incurring substantial attorneys' fees and costs, for which plaintiff respectfully asks the court for reimbursement from the government. The government should not avoid liability for its failure to take a reasonable position in this matter – a position that only changed after plaintiff filed a Complaint and incurred substantial attorneys' fees and costs to force the government to change its initial legal position. It would be unjust and inequitable for the plaintiff to receive no reimbursement of attorneys' fees and costs in this matter.

Plaintiff does not seek reimbursement for anything more than the bare minimum statutory attorney fee billing rate, even though plaintiff's counsel is entitled to seek fees at a higher billing rate, commensurate with what is charged by other attorneys billing for similar work.

Even though plaintiff has won its case against the government and is requesting reasonable attorneys' fees and costs, plaintiff needs the court to clearly establish plaintiff as a

prevailing party for purposes of allowing an attorney fee award.  *Perez-Arellano v. Smith*, 279 F.3d 791, 794-95 (9th Cir. 2002); *Carbonell v. INS*, 429 F.3d 894, 899 (9th Cir. 2005) (a party can be a "prevailing party" for purposes of awarding attorneys' fees as a result of judicial action other than a ruling on the merits or a consent decree; some stamp of "judicial imprimatur" is needed to alter the material relationship between the parties).  Here, the parties' relationship has been materially altered as a result of plaintiff's case as the government's 2015 RMP decision did not allow for grazing by plaintiff and the government's 2019 RMP decision does allow for grazing by plaintiff.  However, under *Carbonell*, plaintiff needs the court to stamp the case with a form of "judicial imprimatur" in the form of the attached Order of Dismissal.  As such, plaintiff respectfully requests that the Court sign the attached Exhibit 2 (Proposed Order of Dismissal) – the Order of Dismissal can definitively establish the necessary "judicial imprimatur" required under *Carbonell*.  *Carbonell* at 900.  Without the signed Order of Dismissal, plaintiff cannot be awarded attorneys' fees and costs pursuant to EAJA, and that would create an unjust and inequitable result for plaintiff given the facts of this case.

    The undisputable facts and timeline of this case, including the relief sought and ultimately achieved by plaintiff, and the government's behavior, support an award of attorneys' fees and costs in the sum total of $18,443.48.

    DATED this 18th day of June, 2019.

                                          /s/ Tate Justesen
                                          Tate Justesen, OR. Bar #083741
                                          Western Resources Legal Center
                                          9220 SW Barbur Blvd., Suite 119-327
                                          Portland, OR 97219
                                          Telephone: (503) 768-8500
                                          Fax: (503) 222-3255
                                          Email: tjustesen@wrlegal.org

                                          /s/ Scott Horngren

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS – Page 6

Scott Horngren, OR. Bar #880604
Western Resources Legal Center
9220 SW Barbur Blvd., Suite 119-327
Portland, OR 97219
Telephone: (503) 768-8500
Fax: (503) 222-3255
Email: shorngren@wrlegal.org

Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS – Page 7

## CERTIFICATE OF SERVICE

I, Tate Justesen, hereby certify that I, on June 18, 2019, I caused the foregoing **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** to be served upon counsel of record through the Court's electronic service system.

Dated this 18th day of June, 2019.


 /s/ Tate Justesen
Tate Justesen
