# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

|  |  |
|---|---|
| **CAHILL RANCHES, INC.,** | Civ. No. 1:17-cv-00960-CL |
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATION** |
| **BUREAU OF LAND MANAGEMENT,** | |
| Defendant. | |

CLARKE, Magistrate Judge.

Plaintiff Cahill Ranches, Inc., moves for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 USC 2412. For the reasons below, this motion (#46) should be denied. Plaintiff's proposed Order of Dismissal (#46-3) should be granted.

## BACKGROUND

In September 2015, the Bureau of Land Management ("BLM") promulgated a land and resource management plan ("RMP") that restricted Plaintiff's ability to graze livestock on the Rahilly-Gravelly allotment ("allotment"). The 2015 RMP prohibited grazing on the Sucker pasture within the allotment due to that pasture containing acreage of an Area of Critical Concern. From the outset of this grazing prohibition, Plaintiff argued to BLM that grazing should

be allowed on the allotment. On June 7, 2017, the Secretary of the Department of Interior issued

Secretarial Order 3353, which required an exploration of whether BLM should, or should not,

amend the 2015 RMP affecting, in part, the Rahilly-Gravelly grazing allotment. Secretarial

Order 3353 did not alter the conditions on the ground for Plaintiff vis-a-vis grazing restrictions

on the Rahilly-Gravelly allotment, and grazing on that allotment remained restricted under the

2015 RMP.[1] On June 19, 2017, with its grazing season and turn out date imminent, Plaintiff

filed this lawsuit challenging the 2015 RMP on the Rahilly-Gravelly allotment and alleging that

grazing on the allotment should be allowed.

Given the issuance of Secretarial Order 3353, shortly after Plaintiff's lawsuit was filed,

the parties agreed to a stay of Plaintiff's lawsuit until the BLM could further clarify its position

regarding the Rahilly-Gravelly allotment. BLM issued a scoping notice in Fall of 2017 for the

RMP amendment, indicating its intent to amend the 2015 RMP affecting the Rahilly-Gravelly

allotment. On March 15, 2019, BLM issued final Resource Management Plan Amendments

("RMPA") and final environmental impact statements ("FEIS") for Greater Sage-Grouse

Conservation for Oregon. The 2019 RMPA supersedes the 2015 RMP and the decision allows

grazing to continue on the Sucker pasture.

## DISCUSSION

In the United States, parties are ordinarily required to bear their own attorney's fees—the

prevailing party is not entitled to collect from the loser. *Buckhannon Bd. & Care Home, Inc. v.*

*W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) *citing Alyeska Pipeline*

*Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). Under this "American Rule," we

---

[1] However, federal regulations (43 C.F.R. § 4110.4-2(b)) require BLM to provide grazing operators with two years' notice prior to canceling or adjusting grazing privileges. The restrictions contained in the 2015 Plan Amendments were not implemented on Plaintiff's allotment prior to the issuance of the 2019 Plan Amendments. Thus, the restrictions never went into effect as to Plaintiff's grazing rights.

follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994). Congress, however, has authorized the award of attorney's fees to the "prevailing party" in numerous statutes, including the Equal Access to Justice Act, which provides that in litigation against a federal agency, a court "shall award to a prevailing party other than the United States fees and other expenses... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)1(A).

The United States Supreme Court has articulated the definition of a "prevailing party" as "one who has been awarded some relief by the court." *Buckhannon*, 532 U.S. 598, 602. The Court held that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." The Ninth Circuit has expanded this rule to include litigants who win a preliminary injunction or who enter into a legally enforceable settlement agreement. *See Carbonell v. I.N.S.*, 429 F.3d 894, 899 (9th Cir. 2005). By contrast, "a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Buckhannon*, 532 U.S. at 605.

Here, Plaintiff requests that the Court enter an Order of Dismissal, which is appropriate because the parties have resolved their dispute. However, the Order of Dismissal will not materially alter the legal relationship between the parties. No determination on the merits has been made by this Court, nor has a consent decree been entered, which would give Plaintiff legally enforceable rights to the relief requested. Even under the Ninth Circuit's broad view of *Buckhannon*, the disposition in this case lacks the necessary judicial imprimatur on the change. While defendant has voluntarily changed its conduct and grazing rights have been granted, thus

accomplishing what Plaintiff sought to achieve by filing the lawsuit, there has been no material change in the legal relationship of the parties, and no judicial sanction of that change. Plaintiff has not shown that it has prevailing party status under *Buckhannon*.

## RECOMMENDATION

For the reasons above, Plaintiff's motion for EAJA attorney's fees and costs (#46) should be DENIED. The Proposed Order of Dismissal, submitted as an attachment (#46-3), should be granted.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of August, 2019.

_____
MARK D. CLARKE
United States Magistrate Judge